IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSEL TEAGUE,<br><br>        Plaintiff,<br><br>v.<br><br>OFFICER BURK CHRISTIAN and CITY OF ST. GEORGE,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER:**<br>- **DENYING [42] PLAINTIFF'S MOTION TO DELAY CONSIDERATION FOR SUMMARY JUDGMENT; AND**<br>- **FINDING AS MOOT [49] DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S REPLY MEMORANDUM AND DECLARATION AND MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>Case No. 4:18–cv–00052 DN<br><br>District Judge David Nuffer |

        On December 24, 2018, Defendants Officer Burk Christian ("Officer Christian") and the City of St. George ("the City") ( collectively "Defendants") moved for summary judgment ("Motion for Summary Judgment")[1] on three causes of action contained in Plaintiff Russel Teague's ("Plaintiff") Complaint.[2] Although Plaintiff timely opposed[3] that motion and did not dispute any of Defendants' statements of undisputed facts,[4] Plaintiff also filed the Motion to Delay Consideration of Motion for Summary Judgment (the "Motion to Delay") under Fed. R.

---

[1] Defendants' Motion for Summary Judgment, docket no. docket no. 20, filed December 24, 2018.

[2] Complaint, docket no. 2, filed August 3, 2018.

[3] Opposition to Motion for Summary Judgment ("Opposition"), docket no. 41, filed February 5, 2019.

[4] *Id.* at 2.

Civ. P. 56(d).[5] As of the filing of the Motion for Summary Judgment and the Motion to Delay, the discovery period had not yet concluded.

Defendants opposed[6] the Motion to Delay and Plaintiff replied.[7] Defendants took issue with Plaintiff's reply and filed the Motion to Strike Portions of Plaintiff's Reply Memorandum and Declaration and Motion for Leave to File Sur-reply ("Motion to Strike").[8] Defendants argue in the Motion to Strike that Plaintiff's reply to the Motion to Delay impermissibly raised new arguments for the first time and Plaintiff belatedly attached the affidavit required under Rule 56(d) to the reply.[9] Defendants requested that the portions of the reply to the Motion to Delay that raised these new arguments be stricken.[10] In the alternative, Defendants requested leave to file a sur-reply.[11] However, because this OrderDENIES the Motion to Delay, the Motion to Strike is MOOT.

Under Rule 56(d) of the Federal Rules of Civil Procedure, if the nonmoving party to a summary judgment motion "cannot present facts essential to justify its opposition[,]" that party may request that the decision on summary judgment be deferred and that the nonmoving party be provided time "to obtain affidavits or declarations or to take discovery."[12] The rule *requires* that this motion be accompanied by an affidavit or declaration.[13]

---

[5] Motion to Delay Consideration of Motion for Summary Judgment, docket no. 42, filed February 5, 2019.

[6] Defendants' Oppositions to Plaintiff's Motion to Delay Consideration of Motion for Summary Judgment, docket no. 45, filed February 18, 2019.

[7] Reply Memorandum in Support of Motion to Delay Consideration of Motion for Summary Judgment, docket no. 48, filed February 25, 2019.

[8] Defendant's Motion to Strike Portions of Plaintiff's Reply Memorandum and Declaration and Motion for Leave to File Sur-Reply, docket no. 49, filed February 28, 2019.

[9] *Id.* at 2.

[10] *Id.*

[11] *Id.* at 3.

[12] Fed. R. Civ. P. 56(d).

[13] *Id.*

When a motion for summary judgment is based on qualified immunity—as is the case here[14]—the affidavit must demonstrate the "connection between the information [the 56(d) movant] would seek in discovery and the validity of the defendant's qualified immunity assertion."[15] This particular rule of civil procedure is "not a license for a fishing expedition"[16] that a party can seek "with the hope of discovering some evidence to save their case."[17] And a motion made under the rule will not be granted if "the information sought is either irrelevant to the summary judgment or merely cumulative . . . ."[18]

Here Plaintiff failed to attach the affidavit required by Rule 56(d) to the Motion to Delay and instead attached it to Plaintiff's reply memorandum.[19] And although the affidavit purports to be the declaration of Tyler Ayers, it is signed by Daniel Baczynski.[20] But even ignoring these deficiencies, Plaintiff's affidavit does not provide an adequate basis to defer ruling under Rule 56(d).

The affidavit specifies that Plaintiff requests discovery in the form of a Fed. R. Civ. P. 30(b)(6) deposition of the City in order to "establish whether St. George has a practice in place where it prosecutes DUIs without first processing test results."[21] Plaintiff maintains this

---

[14] Defendants' Motion for Summary Judgment at 15-16.

[15] *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990).

[16] *Id.*

[17] *Barker v. Citigroup, Inc.*, No. 2:11-CV-51, 2012 WL 1379308, at *6 (D. Utah Apr. 20, 2012).

[18] *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir.1993).

[19] Motion to Delay Consideration of Motion for Summary Judgment, Exhibit 1, Tyler Ayres' Declaration in Support of Motion to Delay Consideration of Motion for Summary Judgment, docket no. 48-1, filed February 25, 2019.

[20] *Id.* at 4.

[21] *Id.* at 3.

information will help him show the required malice element for a malicious prosecution claim under 42 U.S.C. § 1983.[22]

However, this information would be irrelevant to the summary judgment. Defendants' primary argument in the Motion for Summary Judgment is that Officer Christian had probable cause to arrest Plaintiff, meaning that Plaintiff's malicious prosecution cause of action would fail even before considering whether the element of malice is present. Furthermore, neither the Motion to Delay nor Plaintiff's reply memorandum provides any citation to case law supporting Plaintiff's position that a pattern or practice of prosecuting individuals for driving under the influence without first processing test results is *recognized* as showing malice in these types of claims. The information requested is irrelevant and the Motion to Delay so that Plaintiff can conduct this discovery will not be granted.

Plaintiff also requests discovery in the form of a deposition of Officer Christian.[23] Plaintiffs maintain that Officer Christian will "have knowledge of the observations that allegedly justified expanding the scope of the traffic stop, arresting Teague, and incarcerating Teague."[24] This information however is cumulative of information already provided to Plaintiff. The declaration of Officer Christian[25] is attached to the Motion for Summary Judgment as is the information provided with Defendants' initial disclosures including Officer Christian's reporting

---

[22] *Id.*

[23] *Id.* at 3.

[24] *Id.*

[25] Defendants' Motion for Summary Judgment, Exhibit B, Declaration of Burkeley Christian in Support of Defendants' Motion for Summary Judgment, November 20, 2018, docket no. docket no. 20-1, filed December 24, 2018.

of the events leading to Plaintiff's arrest,[26] a DUI report form,[27] and a Probable Cause Statement.[28]

The deposition of Officer Christian would be cumulative and would only serve as an invitation to Plaintiff to engage in a disfavored "fishing expedition." Defendants' Motion for Summary Judgment will be decided on the provided briefing. The Motion for Delay is DENIED.

## ORDER

IT IS HEREBY ORDERED Plaintiff's Motion to Delay[29] is DENIED. By denying this motion, Defendant's Motion to Strike[30] is MOOT.

Signed September 24, 2019.

BY THE COURT

David Nuffer
United States District Judge

---

[26] Defendants' Motion for Summary Judgment, Exhibit K, St. George Police Department Deputy Report for Incident 16SCI0986, docket no. 20-1, filed December 24, 2018.

[27] Defendants' Motion for Summary Judgment, Exhibit L, DUI Report, docket no. 20-1, filed December 24, 2018.

[28] Defendants' Motion for Summary Judgment, Exhibit M, St. George Police Department Warrantless Arrest Probable Cause Statement, docket no. 20-1, filed December 24, 2018.

[29] Motion to Delay Consideration of Motion for Summary Judgment, docket no. 42, filed February 5, 2019.

[30] Defendant's Motion to Strike Portions of Plaintiff's Reply Memorandum and Declaration and Motion for Leave to File Sur-Reply, docket no. 49, filed February 28, 2019.